UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JOHNNIE RODRIGUEZ,

        Plaintiff,

v.                                                                                                     Case No:   6:17-cv-1374-Orl-22GJK

COMMISSIONER OF SOCIAL
SECURITY,

        Defendant.
_____

## REPORT AND RECOMMENDATION

    Johnnie Rodriguez (the "Claimant") appeals to the District Court a final decision of the Commissioner of Social Security (the "Commissioner") denying his application for Supplemental Security Income ("SSI"). Doc. No. 1. Claimant argues that the Administrative Law Judge (the "ALJ") committed reversible error by: 1) failing to account for Claimant's mental processing and working memory scores on the Wechsler Adult Intelligence Scale ("WAIS"); and 2) failing to resolve inconsistencies between the testimony of a vocational expert ("VE") and the Dictionary of Occupational Titles (the "DOT"). Doc. No. 18 at 9-13, 17-19. Claimant requests that the Court reverse the Commissioner's final decision and remand the case for further proceedings. *Id.* at 22. For the reasons stated below, it is **RECOMMENDED** that the Commissioner's final decision be **AFFIRMED**.

I.      PROCEDURAL BACKGROUND

    On January 16, 2014, Claimant filed his SSI application alleging an onset date of February 5, 2000. R. 27, 84. On March 5, 2014, Claimant's application was denied initially. R. 102. On May 20, 2014, Claimant's application was denied upon reconsideration. R. 107. On June 13, 2014,

Claimant requested a hearing before the ALJ. R. 112. On June 6, 2016, Claimant attended a hearing before the ALJ. R. 44-72. On August 2, 2016, the ALJ issued an unfavorable decision finding Claimant not disabled. R. 27-36. On September 19, 2016, Claimant requested review of the ALJ's decision. R. 168. On June 26, 2017, the Appeals Council denied Claimant's request. R. 1-6. On July 26, 2017, Claimant filed this appeal. Doc. No. 1.

## II.     STANDARD OF REVIEW

The Social Security regulations delineate a five-step sequential evaluation process for determining whether a claimant is disabled. *Jones v. Apfel*, 190 F.3d 1224, 1228 (11th Cir. 1999) (citing 20 C.F.R. § 404.1520). The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is more than a scintilla – i.e., the evidence must do more than merely create a suspicion of the existence of a fact and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (citing *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982) and *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). Where the Commissioner's decision is supported by substantial evidence, the District Court will affirm, even if the reviewer would have reached a contrary result as finder of fact and even if the reviewer finds that the evidence preponderates against the Commissioner's decision. *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991). The Court must take into account evidence favorable as well as unfavorable to the decision. *Foote*, 67 F.3d at 1560. The District Court "may not decide the facts anew, reweigh the evidence, or substitute [its] judgment for that of the [Commissioner]." *Phillips v. Barnhart*, 357 F.3d 1232, 1240 n. 8 (11th Cir. 2004) (citations and quotations omitted).

### III.   ANALYSIS

#### A.  Claimant's WAIS Scores

On March 18, 2010, Claimant presented to M. Joanna Vilar, a licensed psychologist. R. 350-54. Dr. Vilar completed a treatment note stating that she administered a WAIS assessment and stating Claimant's scores from the same. R. 353. Dr. Vilar then stated the following:

> [Claimant's] scores on Processing Speed subtests are indicative of Extremely Low ability to learn an unfamiliar task, short-term memory and cognitive flexibility with a relative weakness in his visual-motor coordination ability. His scores on Working Memory subtests show Extremely Low ability in numerical reasoning, short-term auditory memory and attention.

R. 353. Thus, Dr. Vilar found that Claimant's WAIS scores indicated extremely low abilities in: learning unfamiliar tasks; maintaining short-term memory and cognitive flexibility, with a relative weakness in visual-motor coordination; numerical reasoning; and maintaining short-term auditory memory and attention. *Id.* Dr. Vilar's treatment note also states that Claimant's "Full Scale IQ score was adversely affected by his difficulties learning new information evidenced by his low score on the Processing Speed Index .... This is consistent with his report of difficulties learning new material as he needs several repetitions and extra time to learn tasks." R. 353-54.

On March 18, 2010, Dr. Vilar completed a Medical Source Statement of Ability To Do Work-Related Activities (the "MSS"). R. 355-57. The following findings are taken from the MSS. Claimant has no limitations in understanding, remembering, and carrying out simple instructions. R. 355. Claimant has mild limitations in making judgments on simple work-related decisions. *Id.* Claimant has moderate limitations in: 1) understanding, remembering, and carrying out complex instructions; and 2) making judgments on complex work-related decisions. *Id.* The MSS also states:

> [Claimant] presents with difficulties understanding and remembering new information related to his borderline intellectual functioning. He might need several repetitions and extra time to master a new task.

R. 355 (emphasis added). Thus, Dr. Vilar found that Claimant had difficulties understanding and remembering new information due to his borderline intellectual functioning. *Id.*

At step four, the ALJ assigned significant weight to the MSS because it was supported by Dr. Vilar's treatment note. R. 34. The ALJ also found that Claimant had the residual functional capacity ("RFC") to perform a full range of work at all exertional levels but limited Claimant to performing simple, routine, and repetitive tasks or jobs that can be learned in thirty days or less. R. 31. The ALJ also found Claimant able to understand, remember, and carry out simple instructions. *Id.*

Claimant argues that the ALJ committed reversible error by failing "to discuss, evaluate, or account for [Claimant's WAIS] sub-test scores regarding his extremely low processing speed and working memory." Doc. No. 18 at 9-13. The Commissioner argues that the ALJ adequately accounted for Claimant's WAIS test scores by limiting him to simple, routine, and repetitive tasks or jobs that could be learned in thirty days or less. *Id.* at 14. The Commissioner also argues that Claimant "has not shown that Dr. Vilar's reports or statements indicate limitations beyond those accommodated by the RFC finding …" *Id.*

Weighing the opinions and findings of treating, examining, and non-examining physicians is an integral part in determining whether a claimant is disabled. In cases involving an ALJ's handling of medical opinions, "substantial-evidence review ... involves some intricacy." *Gaskin v. Comm'r of Soc. Sec.*, 533 Fed. Appx. 929, 931 (11th Cir. 2013).[1] In *Winschel v. Comm'r of Soc.*

---

[1] In the Eleventh Circuit, unpublished decisions are not binding, but are persuasive authority. *See* 11th Cir. R. 36-2.

*Sec.*, 631 F.3d 1176 (11th Cir. 2011), the Eleventh Circuit held that whenever a physician offers a statement reflecting judgments about the nature and severity of a claimant's impairments, including symptoms, diagnosis, and prognosis, what the claimant can still do despite his or her impairments, and the claimant's physical and mental restrictions, the statement is an opinion requiring the ALJ to state with particularity the weight given to it and the reasons therefor. *Id*. at 1178-79 (citing 20 C.F.R. §§ 404.1527(a)(2), 416.927(a)(2); *Sharfarz v. Bowen*, 825 F.2d 278, 279 (11th Cir. 1987)). "In the absence of such a statement, it is impossible for a reviewing court to determine whether the ultimate decision on the merits of the claim is rational and supported by substantial evidence." *Winschel*, 631 F.3d at 1179 (citations omitted). *See also MacGregor v. Bowen*, 786 F.2d 1050, 1053 (11th Cir. 1986) (finding that a failure to state with particularity the weight given to medical opinions and the reasons therefor constitutes reversible error). An ALJ may not "implicitly discount" or ignore any medical opinion. *Winschel*, 631 F.3d at 1178-79; *MacGregor*, 786 F.2d at 1053; *McClurkin v. Soc. Sec. Admin*., 625 Fed. Appx. 960, 962-63 (11th Cir. 2015) (finding that it is reversible error for the ALJ to fail to state weight given to a non-examining physician's opinion).

In *Winschel*, the Eleventh Circuit held that when a claimant has a mental limitation regarding concentration, persistence, or pace ("CPP"), such limitation must be accounted for explicitly or implicitly in the RFC. *Winschel*, 631 F.3d at 1180-81. When medical evidence shows that a claimant can perform simple tasks despite mental limitations in CPP, the ALJ can implicitly account for those limitations by limiting the RFC to simple tasks. *Id*. at 1181.

The MSS, which was created on the same day as Dr. Vilar's treatment note, states that Claimant had difficulties in understanding and remembering new information related to his borderline intellectual functioning. R. 355. Despite such limitations, Dr. Vilar found that Claimant

had no limitations in understanding, remembering, and carrying out simple instructions. *Id.* The ALJ then made an RFC finding limiting Claimant to performing simple, routine, and repetitive tasks or jobs that can be learned in thirty days or less. R. 31. The ALJ's RFC finding also limited Claimant to understanding, remembering, and carrying out simple tasks. *Id.* Courts within this District have found that similar limitations in the RFC adequately account for a claimant's low WAIS scores in processing speed and working memory. *See Hurskin v. Comm'r of Soc. Sec.*, No: 8:15-cv-253-T-JSS, 2016 WL 825538, at * 7 (M.D. Fla. Mar. 3, 2016) (finding that "a limitation to simple and routine tasks, adequately accounts for [a claimant's] low scores in verbal comprehension, perceptual reasoning, working memory, and processing speed"). Because: 1) medical evidence shows that Claimant can perform simple tasks despite his limitations in CPP; and 2) the ALJ's RFC finding limited Claimant to performing simple, routine, and repetitive tasks or jobs that can be learned in thirty days or less and limited Claimant to understanding, remembering, and carrying out simple tasks, the undersigned finds that the ALJ adequately accounted for Claimant's low WAIS scores in processing speed and working memory. *See Winschel*, 631 F.3d at 1180-81; *Hurskin*, 2016 WL 825538 at * 7. Accordingly, it is recommended that the Court find no reversible error in the ALJ's consideration of Claimant's WAIS scores.

### B.  VE Testimony

At the hearing, the VE testified that Claimant could perform a significant number of jobs in the national economy, namely that of a conveyor feeder and floor waxer. R. 67. The VE also initially testified that Claimant could work as a meat trimmer, but retracted that testimony because the job would involve working in cold environments, and thus, contradict the hypothetical given to him.[2] R. 67-68. The ALJ then asked:

---

[2] The VE also testified that Claimant could work as a bartender helper, but the ALJ did not rely on this testimony in his decision. R. 35, 68.

> **ALJ**: Is your testimony consistent with the [DOT]?
>
> **VE**: Well, a lot of these things are not addressed in the DOT with the issue of responding. Being unable to respond to supervisors or coworkers is one [of] the first thing[s] to get people fired, your honor.

R. 70.[3] Thus, when asked whether his testimony is consistent with the DOT, the VE did not affirmatively present any inconsistencies but stated that issues such as responding to supervisors or coworkers were not addressed in the DOT. *Id.* Claimant, who was represented by counsel at the hearing, raised no objections to the VE's testimony. R. 71-72.

At step four, the ALJ found that Claimant could perform a full range of work at all exertional levels, but Claimant: 1) should not work in extreme cold or heat; 2) should not be exposed to wet environments and/or humidity; 3) cannot be exposed to pulmonary irritants such as fumes, odors, dust, and gases; and 4) should not work in proximity to moving, mechanical parts. R. 31. At step five, the ALJ found that the VE's testimony was consistent with the DOT and, based on the VE's testimony, found that Claimant could perform a significant number of jobs in the national economy as a conveyor feeder, floor waxer, and meat trimmer. R. 35.

Claimant argues that the ALJ committed reversible error for two reasons. First, Claimant argues that the ALJ did not comply with Social Security Ruling 00-4p ("SSR 00-4p") because he failed to resolve the conflict between the VE's testimony and the DOT's job descriptions for a conveyor feeder and floor waxer. Doc. No. 18 at 17-19. Claimant notes that the DOT's job description for a conveyor feeder involves moving mechanical parts, and the DOT's job description for floor waxer involves moving mechanical parts as well as fumes, odors, dust, and

---

[3] The hypothetical presented to the VE contained a limitation that Claimant would be unable to interact with coworkers and supervisors. R. 69.

gases. *Id.* at 18. In support of his first argument, Claimant cites to the Supreme Court case *Sullivan v. Zebley,* 493 U.S. 521, 530 n. 9, 110 S.Ct 885, 891 n. 9, 107 L.Ed.2d 967 (1990), which stands for the proposition that Social Security Rulings "are binding on all components of the Administration." *Id.* at 17. Second, Claimant argues that the ALJ committed reversible error by finding that Claimant could work as a meat trimmer because the VE retracted his testimony regarding the same job at the hearing. *Id.* at 19. The Commissioner argues that the ALJ committed no reversible error because the VE based his testimony on personal knowledge and experience, and Claimant never challenged the VE's findings at the hearing. *Id.* at 19-21.

**1)  Conveyor Feeder and Floor Waxer**

Claimant, citing *Sullivan*, argues that the ALJ did not comply with a binding Social Security Ruling because he failed to resolve the conflict between the VE's testimony and the DOT's job descriptions for a conveyor feeder and floor waxer. Doc. No. 18 at 17-19 (citing *Sullivan*, 493 U.S. at 530 n. 9). In *Jones v. Apfel*, 190 F.3d 1224, 1228-29 (11th Cir. 1999), the Eleventh Circuit held that in cases where the VE's testimony conflicts with the DOT, "the VE's testimony 'trumps' the DOT." *Id*. at 1230. After *Jones*, the Commissioner issued SSR 00-4p, which states that "[w]hen there is an apparent unresolved conflict between VE ... evidence and the DOT, the [ALJ] must elicit a reasonable explanation for the conflict before relying on the VE ... evidence to support a determination or decision about whether the claimant is disabled." SSR 00-4p, 2000 WL 1898704, at *2 (S.S.A. Dec. 4, 2000). The ruling also states that neither VE evidence nor the DOT "trumps" in the case of conflict, but instead the adjudicator should resolve the conflict by determining whether the VE's testimony is reasonable. *Id*.

Despite SSR 00-4p, the Eleventh Circuit has continued to apply its holding in *Jones*. *Leigh v. Comm'r of Soc. Sec.*, 496 Fed. Appx. 973, 974-75 (11th Cir. 2012) ("If there is a conflict between

the DOT and the jobs identified by a VE in response to the hypothetical question, the testimony of the vocational expert 'trumps' the DOT because 'the DOT is not the sole source of admissible information concerning jobs'") (quoting *Jones*, 190 F.3d at 1229-30); *Hurtado v. Comm'r of Soc. Sec.*, 425 Fed. Appx. 793, 796 (11th Cir. 2011); *Miller v. Comm'r of Soc. Sec.*, 246 Fed. Appx. 660, 662 (11th Cir. 2007) (recognizing SSR 00-4p but still finding that "[o]ur precedent establishes that the testimony of a vocational expert 'trumps' an inconsistent provision of the DOT in this Circuit").

Courts within this District have found that under SSR 00-4p, an ALJ is "not under an independent obligation to identify and resolve any inconsistency aside from that identified by the VE." *Dixon v. Comm'r of Soc. Sec.*, No: 2:16-cv-679-FtM-CM, 2017 WL 5952681, at * 6 (M.D. Fla. Dec. 1, 2017) (citing authority); *Bellamy v. Berryhill*, No. 8:16–cv–1410–T–JBT, 2017 WL 4297323, at * 2 (M.D. Fla. Apr. 24, 2017); *Dickson v. Comm'r of Soc. Sec.*, No. 5:13-CV-48-OC-DNF, 2014 WL 582885, at *5 (M.D. Fla. Feb. 13, 2014) ("SSR 00-4p does not require an ALJ to independently investigate whether a conflict exists, it simply requires that [the] ALJ ask the vocational expert if a conflict does exist, and if a conflict exists, then the ALJ must explain and resolve the conflict") (citation omitted). Thus, the ALJ is required to ask the VE if his or her testimony is consistent with the DOT. If the VE identifies an inconsistency, the ALJ has an independent duty to resolve such inconsistency.

Here, the ALJ asked the VE whether his testimony is consistent with the DOT. R. 70. The VE's response is unclear because he simply stated that the DOT does not address issues such as responding to supervisors or coworkers. *Id.* Despite the ALJ's inquiry, the VE never identified any conflict between his testimony and the DOT. *Id.* Claimant also never objected to the VE's testimony. R. 71-72. Because the ALJ asked the pivotal question, but the VE's response was not

responsive to that question, the issue presented is whether the ALJ fulfilled his duty to inquire about conflicts between the VE's testimony and the DOT. On this record, the undersigned is persuaded that the ALJ fulfilled his duty. The ALJ asked the pivotal question, and the VE failed to identify any inconsistency. R. 70.

Even assuming *arguendo* that the ALJ's failed to discharge his duty, any such error is harmless because the VE's testimony trumps any inconsistencies found in the DOT. *See Diorio v. Heckler*, 721 F.2d 726, 728 (11th Cir. 1983) (finding an ALJ's error harmless if it does not affect the ALJ's final conclusion). In *Miller,* the claimant argued that the ALJ erred by not resolving a conflict between the VE's testimony and the DOT. *Miller*, 246 Fed. Appx. at 660. The claimant noted that the Commissioner issued SSR 00-4p after the Eleventh Circuit's holding in *Jones*. *Id.* at 661. The Eleventh Circuit recognized SSR 00-4p, and citing *Sullivan*, noted that Social Security Rulings are binding on the Commissioner. *Id.* at 662. The Eleventh Circuit, however, stated:

> The Commissioner correctly responds that agency rulings "do[ ] not bind this [C]ourt." *See B.B. v. Schweiker*, 643 F.2d 1069, 1071 (5th Cir. Unit B Apr. 1981). "'Rulings do not have the force and effect of the law or regulations but are to be relied upon as precedents in determining other cases where the facts are basically the same. A ruling may be superceded, modified, or revoked by later legislation, regulations, court decisions or rulings.'" *Heckler v. Edwards*, 465 U.S. 870, 874 n. 3, 104 S.Ct. 1532, 1535 n. 3, 79 L.Ed.2d 878 (1984) (quoting Social Security Rulings iii (C.E. 1981)).

*Id.* at 662. Thus, the Eleventh Circuit held that Social Security Rulings are not binding in this Court and do not have the force and effect of the law or regulations. *Id.* The Eleventh Circuit then applied its holding in *Jones* and found that "[o]ur precedent establishes that the testimony of a [VE] 'trumps' an inconsistent provision of the DOT in this Circuit." *Id.* (citing *Jones*, 190 F.3d at 1229-30). Since *Miller,* the Eleventh Circuit, through unpublished decisions, has continued to apply its holding in *Jones. See Leigh*, 496 Fed. Appx. at 974-75; *Hurtado*, 425 Fed. Appx. at 796. Thus,

even if the ALJ erred by not getting a sufficient answer to his question regarding the VE's testimony, such error does not warrant remand because the VE's testimony takes precedence over the DOT. *See id.*

Claimant's counsel presents glaring inconsistencies between the DOT job descriptions and Claimant's RFC, which was used in the hypothetical question to the VE. Doc. No. 18 at 17-18. Nevertheless, the Court is constrained to follow the Eleventh Circuit's reported decision in *Jones* and the Eleventh Circuit's consistent application of the same to situations where the VE's testimony is inconsistent with the DOT. *See supra* pp. 8-11. As noted above, the Eleventh Circuit still applies its holding in *Jones* despite the Commissioner's issuance of SSR 00-4p and has found that SSR 00-4p is not binding in this Court. *See supra* pp. 10-11. Considering the foregoing, it is recommended that the Court find no reversible error in the ALJ's finding that Claimant could perform a significant number of jobs as a conveyor feeder and floor waxer.

**2) Meat Trimmer**

Claimant's final argument states that the ALJ committed reversible error by finding that Claimant could work as a meat trimmer because the VE retracted his testimony regarding the same job. Doc. No. 18 at 19 (citing R. 68). At the hearing, the VE clearly retracted his testimony that Claimant could work as a meat trimmer because such work violates the hypothetical's limitation that Claimant would need to avoid extremely cold environments. R. 68. Thus, because Claimant's RFC states that Claimant should not work in extremely cold environments, the ALJ erred in finding that Claimant was able to perform work as a meat trimmer. R. 35.

While the ALJ erred in making the aforementioned finding, his error is harmless because he also found that Claimant could perform jobs in significant numbers as a conveyor feeder and floor waxer. *See Diorio*, 721 F.2d at 728. Courts within this Circuit have found harmless error in

situations where the ALJ erred as to one job at step five but made valid findings as to the other jobs. *See Pogue v. Berryhill*, No: 3:16cv81/EMT, 2017 WL 3461299, at *9 (N.D. Fla. Aug. 11, 2017) ("Thus, even if the VE's stated inconsistencies with the DOT amounted to error, the error would be harmless because there was sufficient evidence of other jobs in significant number that [the claimant] could perform"); *Johnson v. Comm'r of Soc. Sec.*, No: 5:14–cv–141–Oc–PRL, 2014 WL 12623026, at *5 (M.D. Fla. Sep. 9, 2014) (finding that the VE's error with regard to one available job was non-prejudicial because VE testified as to two other positions with sufficient available jobs).

Here, the ALJ found that, outside of performing work as a meat trimmer, Claimant is able to perform approximately 37,000 jobs in the national economy. R. 35. Specifically, the ALJ found that there are approximately 22,000 conveyor feeder jobs and approximately 15,000 floor waxer jobs in the national economy. *Id.* The Eleventh Circuit has found a fewer number of jobs within the national economy to be a significant number at step five. *See Atha v. Comm'r, Soc. Sec. Admin.*, 616 Fed. Appx. 931, 934–35 (11th Cir. 2015) (finding that the ALJ's finding that there were a significant number of jobs that claimant could perform supported by substantial evidence where the jobs totaled only 23,800 positions nationally); *Brooks v. Barnhart*, 133 Fed. Appx. 669, 671 (11th Cir. 2005) ("The ALJ's finding that [eight hundred forty] polisher, document preparer, and bonder jobs constituted a significant number in the national economy is supported by substantial evidence"). Considering the foregoing, it is recommended that the Court find no reversible error in the ALJ's finding that Claimant could perform work as a meat trimmer.

### IV. CONCLUSION

For the reasons stated above, it is **RECOMMENDED** that the Court:

1) **AFFIRM** the Commissioner's final decision; and

2) **DIRECT** the Clerk to enter judgment in favor of the Commissioner and to close the case.

### NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. 11th Cir. R. 3-1.

Recommended in Orlando, Florida on January 25, 2018.

_____
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy